IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DONALD R. BOWEN                                                                          PLAINTIFF

v.                                         Civil No. 08-5033

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                      DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Donald Bowen, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI")  under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

The plaintiff protectively filed his applications for DIB and SSI on August 15, 2003, alleging an onset date of February 2, 2003, due to hand pain and a pinched nerve in his back and hip.  (Tr. 51, 68, 81, 112, 127).

An administrative hearing was held on June 28, 2005.  (Tr. 207-233).  Plaintiff was present and represented by counsel.  At this time, plaintiff was 49 years of age and possessed a high school education.  (Tr. 52, 85).  He had past relevant work ("PRW") experience as an industrial repairer and maintenance person.  (Tr. 17, 82, 87).

On August 14, 2006, the Administrative Law Judge ("ALJ") concluded that, although severe, plaintiff's Dupuytren's contractures[1] involving both hands, back pain, and hearing loss did not meet or equal any Appendix 1 listing. (Tr. 12). He found that plaintiff maintained the residual functional capacity ("RFC") to lift 20 pounds occasionally and 10 pounds frequently; stand/walk 2 hours in an 8-hour workday; sit for 6 hours during an 8-hour workday; occasionally bilaterally grasp, finger, handle, and operate hand controls; frequently feel, reach above shoulder level, operate foot controls, and balance; and, never climb, stoop, crouch, kneel, crawl, or perform a job requiring excellent hearing. (Tr. 15). With the assistance of a vocational expert, the ALJ determined that plaintiff could perform work as sales counter clerk, an information clerk, and a call out operator. (Tr. 18).

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on December 20, 2007. (Tr. 2-4). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 6, 7).

## II.  **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id.* "Our review extends beyond examining

---

[1] Dupuytren's contracture is a hand deformity in which the connective tissue in the palm contracts and toughens over time. *See* Mayo Foundation for Medical Education and Research, *Dupuytren's Contracture*, *at* www.mayoclinic.com. Knots of tissue form under the skin and form a thick cord that can pull one or more of the fingers into a bent position. *Id*. Once this occurs, the fingers affected bend normally but can't be straightened completely, making it difficult to use the hand. *Id*.

the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

### A.     **The Evaluation Process**:

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § § 423(d)(1)(A),

3

1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require his to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**III.    Discussion**:

Of particular concern to the undersigned is the ALJ's determination that plaintiff's vision impairment was non-severe. An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities. *See Bowen v. Yuckert,* 482 U.S. 137, 153, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987); *id.* at 158, 107 S.Ct. 2287 (O'Connor, J., concurring); 20 C.F.R. § 404.1521(a). If the impairment would have no more than a minimal effect on the claimant's ability to work, then

4

it does not satisfy the requirement of step two. *Page v. Astrue,* 484 F.3d 1040, 1043 (8th Cir. 2007). It is the claimant's burden to establish that his impairment or combination of impairments are severe. *Mittlestedt v. Apfel,* 204 F.3d 847, 852 (8th Cir. 2000). Severity is not an onerous requirement for the claimant to meet, *see Hudson v. Bowen,* 870 F.2d 1392, 1395 (8th Cir. 1989), but it is also not a toothless standard. *See, e.g., Page*, 484 F.3d at 1043-44; *Dixon v. Barnhart,* 353 F.3d 602, 605 (8th Cir. 2003); *Simmons,* 264 F.3d at 755; *Gwathney v. Chater,* 104 F.3d 1043, 1045 (8th Cir. 1997); *Nguyen v. Chater,* 75 F.3d 429, 431 (8th Cir. 1996).

In 1998, plaintiff sustained a corneal abrasion and orbital contusion to the left eye while at work. (Tr. 181). This resulted in the formation of a traumatic cataract on the left eye. (Tr. 169-181). Plaintiff followed-up with Dr. Craig Brown, an opthamologist, concerning this impairment on numerous occasions. In July 2002, Dr. Brown indicated that his vision was 20/20 in the right eye and 20/30 in the left eye, and he was developing a posterior subcasular and cortical cataract in the left eye. (Tr. 164-165). Plaintiff indicated that he was wearing glasses to watch TV and drive. He was also experiencing some floaters and had noticed a progressive decrease in the vision in his left eye. (Tr. 164-165).

By April 2004, the vision is plaintiff's left eye had decreased to 20/60. (Tr. 164-165). Dr. Brown noted that his visual acuity could not be improved with further refraction. He indicated that plaintiff would be legally blind in his left eye within 2 to 3 years without cataract surgery. Dr. Brown recommended that cataract surgery be performed in the near future, as well as postoperative YAG capsulotomy which commonly needed to be done in posterior subcapsular cataract cases in the weeks or months following cataract surgery. However, Dr. Brown also

AO72A
(Rev. 8/82)

stated that plaintiff was at a significant risk for developing glaucoma and/or a detached retina. (Tr. 164-165).

The record makes clear that plaintiff did not have the money to undergo cataract surgery at his own expense. (Tr. 185-186, 225-226). *See Tome v. Schweiker,* 724 F.2d 711, 714 (8th Cir. 1984) (holding that a claimant's lack of financial resources may justify his/her failure to follow medical advice). This was a work-related injury, and it appears as though Worker's Compensation did not want to pay for the procedure either. (Tr. 170). However, given the serious and progressive nature of plaintiff's eye impairment, we cannot say that substantial evidence supports the ALJ's determination that plaintiff's eye impairment was non-severe. Therefore, we believe remand is necessary to allow the ALJ to reevaluate plaintiff's vision impairment.

We are also concerned by the ALJ's failure to develop the record concerning plaintiff's hearing impairment. *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) (holding that the ALJ has a duty to fully develop the record regarding the claimant's impairments, which includes seeking clarification from treating physicians if a crucial issue is undeveloped or underdeveloped). In 2005, Dr. Martinson noted a substantial hearing impairment such that plaintiff was unable to perceive speech in a normal conversational volume unless he was looking directly at the speaker. (Tr. 189-193). However, no further examinations or RFC assessments were ordered concerning plaintiff's hearing limitations. In fact, the ALJ failed to even ask the plaintiff about this impairment at the administrative hearing, and made no comment regarding plaintiff's hearing ability following the hearing. He then concluded that plaintiff could not

perform work requiring excellent hearing. Clearly, additional evidence is necessary to determine the full extent of plaintiff's hearing impairment.

Further, the positions the vocational expert determined plaintiff could perform require "frequent" hearing, which is defined as existing 1/3 to 2/3 of the time. *See* Dictionary of Occupational Titles §§ 237.367-014, 237.367-022, 290.477-014, *at* www.westlaw.com. It is not clear from the medical evidence whether plaintiff would be able to perform a position requiring this degree of listening. Therefore, on remand, the ALJ is directed to develop the record further concerning this impairment.

In addition, the record indicates that plaintiff suffered from Dupuytren's contractures to both hands. While we note the limitations set forth in Dr. Martinson's RFC assessment, as well as those determined by the ALJ, we also note the plaintiff's testimony and his attorney's statement on the record concerning the drawing of plaintiff's hands. As there is no RFC assessment in the record from any of plaintiff's treating physicians, on remand, the ALJ should also address interrogatories to them, asking them to review plaintiff's medical records during the relevant time period; to complete an RFC assessment regarding plaintiff's capabilities during the time period in question; and, to give the objective basis for their opinion, so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 0788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned does not find substantial evidence supporting the ALJ's decision denying the plaintiff benefits, and thus

recommends that the decision be reversed and remanded for further consideration pursuant to Sentence Four.  **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 15th day of June 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)